OPINION
PER CURIAM.
Khalid Sharif (“Petitioner”) petitions for review of the Board of Immigration Appeals’ (“BIA”) decision denying his motion for reconsideration of its decision denying his second motion to reopen. For the reasons that follow, we will grant the petition and remand for further proceedings.
I.
Petitioner, a native and citizen of Pakistan, entered the United States in July 1992 and ultimately stayed beyond the period of time allowed under his non-immigrant visa. In December 1994, he applied for asylum, arguing that he feared returning to Pakistan because of his membership in the Pakistan Muslim League faction loyal to former Pakistani Prime Minister Nawaz Sharif (“PML-N”). Petitioner was placed in removal proceedings (at the time referred to as “deportation” proceedings) in April 1995 and, in October 1995, the Immigration Judge (“IJ”) ordered his deportation in absentia after he failed to attend his show cause hearing.
Ten years later, in October 2005, Petitioner moved the IJ to reopen his removal proceedings, alleging that his previous counsel were responsible for his failure to attend the 1995 hearing and subsequently pursue his case. The IJ denied the motion, concluding, inter alia, that the untimely motion was not subject to equitable tolling because Petitioner had failed to exercise diligence in pursuing his case. The BIA affirmed the IJ’s denial and subsequently denied Petitioner’s motion to reconsider. Petitioner then sought review of the BIA’s latter decision, and we denied that petition in July 2007.
In April 2008, Petitioner filed a second motion to reopen with the BIA. He argued that the conditions in Pakistan had changed and that it would be dangerous for him to return there because of his PML-N membership. In support of his motion, he submitted the U.S. State Department’s 2007 Country Report on Pakistan, as well as several news articles detailing the state of affairs in Pakistan. The Country Report noted, inter alia, that in September 2007, the Pakistani police arrested hundreds of PML-N party workers to prevent rallies for the return of Nawaz Sharif from exile.
In May 2008, the BIA denied the motion, holding that “[wjhile there have certainly been changes in Pakistan since the [IJ’s] decision, the evidence submitted does not prove that such changes are material to [Petitioner’s] persecution claim based on his PML-N membership.” (BIA Decision of May 6, 2008, at 2.) In reaching this holding, the BIA stated that “the evidence proffered in support of the motion does not report on incidents of persecution directed against members of the PML-N, nor does the evidence support the respondent’s assertion that [Pakistani] President Musharraf began arresting [Nawaz] Sharif’s supporters prior to [Nawaz] Sharif’s return to Pakistan in 2007.” (Id. at 1.)
Petitioner moved the BIA to reconsider its decision, arguing that the BIA did not adequately consider his evidence. The BIA denied the motion in October 2008, holding that
*785 [notwithstanding our apparent factual error in failing to recognize the arrest of Nawaz Sharif supporters prior to his November 2007 return, the respondent has not identified any legal error that merits reconsideration of our decision denying the respondent’s untimely motion. Moreover, we do not find the respondent’s disagreement with the outcome of our previous decision sufficient to demonstrate that we improperly evaluated or disregarded the facts and evidence presented.
(BIA Decision of Oct. 7, 2008, at 1.) Petitioner now seeks review of the October 2008 decision.[1]
II.
We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1). We review the denial of a motion for reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir.2005). Under that highly deferential standard of review, we will not overturn the BIA’s decision unless it is “arbitrary, irrational, or contrary to law.” Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir.2004) (quotation and citation omitted).
Pursuant to 8 C.F.R. § 1003.2(b)(1), “[a] motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision....” In his motion to reconsider, Petitioner argued that the BIA failed to adequately consider his evidence. Although the BIA admitted that it “fail[ed] to recognize the arrest of Nawaz Sharif supporters” — evidence relevant to Petitioner’s asylum claim — it nonetheless con-eluded that Petitioner did not show that it “improperly evaluated or disregarded the facts and evidence presented.” These seemingly contradictory statements give us pause and leave us uncertain as to the BIA’s precise holding. Indeed, the BIA stated simply that Petitioner “has not identified any legal error that merits reconsideration of our decision denying [his] untimely motion.” Although the BIA may have viewed the evidence regarding the arrests of Nawaz Sharif supporters as not reflective of a “material” change in country conditions or otherwise insufficient to warrant reopening his case, that view is not sufficiently identifiable in the BIA’s decision.
“When deficiencies in the BIA’s decision make it impossible for us to meaningfully review its decision, we must vacate the decision and remand so that the BIA can further explain its reasoning.” Kayembe v. Ashcroft, 334 F.3d 231, 238 (3d Cir. 2003). Accordingly, we will grant the petition for review and remand the matter to the BIA so that it can clarify its reason(s) for denying Petitioner’s motion to reconsider.

. To the extent Petitioner also seeks review of the BIA’s May 2008 decision denying his second motion to reopen, that decision is not properly before us because he did not file a separate, timely petition for review of that decision. See Stone v. INS, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); Nocon v. INS, 789 F.2d 1028, 1032-33 (3d Cir.1986).